

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HARMONY FILMS LTD, <br> Plaintiff, <br><br> v. <br><br> DOES 1-739, <br> Defendants, | § <br> § <br> § Civil No. 10-cv-2412-F <br> § <br> § <br> § <br> § <br> § <br> § |

## ORDER SEVERING DOES 2-739

Plaintiff, Harmony Films Ltd, filed its Original Complaint on November 25, 2010, against Does 1-739 alleging copyright infringement of the motion picture, "Young Harlots Foreign Exchange," via the internet. When Plaintiff filed the suit it did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses assigned to each Defendant by his or her Internet Service Provider ("ISP"). To discover the actual names of the Doe Defendants in this case, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, which is currently pending before the Court. *See* Docket No. 3. The Motion for Leave to Take Discovery was granted on December 10, 2010, however, this case was transferred to this Court on January 27, 2011 and this Court vacated that Order on February 7, 2011. *See* Docket Nos. 6 and 7. Plaintiff wishes to subpoena the ISPs who provide service to the identified IP addresses seeking information sufficient to identify each Doe Defendant, including their names, current (and permanent) addresses,

telephone numbers, email addresses, and Media Access Control addresses. The Court has issued an Order to Show Cause why an attorney at litem should not be appointed to represent the Does interests in the Motion for Leave to Take Discovery prior to the Rule 26(f) Conference. A response to that Motion is due February 28, 2011.

Upon inspection of Plaintiff's Complaint, the Court finds that Doe Defendants 2-739 have been improperly joined. For the reasons stated below, the Court finds that all Defendants except Doe 1 should be SEVERED from this action.

## DISCUSSION

In its Complaint, Plaintiff alleges that "Defendants collectively participated, via the internet, in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, '*Young Harlots Foreign Exchange,*' by means of file transfer technology called, BitTorrent." Docket No. 1 at 1-2. According to the Complaint, the BitTorrent software allows a user to log onto a private website, select a reference file containing the desired movie, and load that reference file onto a computer program designed to read such files. After the reference file is loaded, the BitTorrent program is able to employ the BitTorrent protocol to initiate simultaneous connection to hundreds of other users possessing and "sharing" copies of the digital media in the reference file, in this case, Plaintiff's motion picture. The program then coordinates the copying of the film to the user's computer from the other users "sharing" the film. As the film is being copied to the user's computer, the downloaded pieces are immediately made available to other users seeking to obtain the file.

Plaintiff alleges that this is how each Defendant simultaneously reproduced and/or distributed the motion picture.

However, there are no allegations in Plaintiff's Complaint that the Defendants are in any way related to each other, or that they acted in concert or as a group in their allegedly offending actions. The Complaint only alleges that "each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, BitTorrent software to reproduce and/or distribute Plaintiff's motion picture to hundreds of other BitTorrent users." Docket No. 1 at 5. The Federal Rules of Civil Procedure provide that multiple parties may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20 (a)(2).

Plaintiff makes no allegation in this case that the claims against the joined defendants "arise out of the same transaction, occurrence, or series of transactions or occurrences." Instead, it seems that the copyright infringement claim against each Defendant is based on the individual acts of each Defendant. Plaintiff only alleges in its Complaint that each defendant uses the same method for committing the infringement, but "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *West Coast Prods., Inc. v. Does 1-535*, No. 3:10-CV-94 (N.D. W. Va. Dec. 16,

3

2010) (order severing all defendants from action except Doe 1) (quoting *Laface Records, LLC v. Does 1-38*, 2008 WL 544992, *2 (E.D.N.C. Feb. 27, 2008)).

In fact, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. *See, e.g. Fonovisa Inc. et al. v. Does 1-41*, No. A-04-CA-550-LY (W.D. Tex. Nov. 17, 2004) (*sua sponte* dismissing without prejudice all but the first defendant in several cases filed by recording companies against numerous Does accused of violating federal copyright laws by downloading music from an "online media distribution system"); *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement). Accordingly, the Court finds that Defendants' alleged use of the BitTorrent software system to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.

Additionally, permissive joinder is improper in this case because each Defendant will also likely have a different defense. Another district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

4

*West Coast Prods., Inc.,* No. 3:10-CV-94 (quoting *BMG Music v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004)). Therefore, the Court finds joinder of Defendants 2-739 in this case improper.

However, Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Accordingly, the Court will sever all Defendants from this case except Doe 1.

## CONCLUSION

For the forgoing reasons, the Court ORDERS that:

(1) All Defendants except Doe 1 are hereby SEVERED from this action;

(2) Within 30 days from the date of this order, Plaintiff may file individual complaints against those Does whom they wish to proceed. Upon election to proceed, Plaintiff shall submit to the Clerk of the Court filing fees for each of the complaints against those Does whom Plaintiff wishes to proceed. Such cases will be assigned separate civil action numbers and placed on this Court's docket;

(4) Civil Action No. 3:10-cv-2412-F shall be assigned to Doe No. 1 as an individual defendant. The actions filed within 30 days of this Order against any other Doe Defendant severed from this case, will be deemed to have been filed as of November 25, 2010, the date of the filing of the original Complaint;

(5) The Court will consider Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Docket No. 3) after it is determined whether an attorney ad litem should be appointed to represent Doe No. 1's interests in the Motion; and

(6) The Clerk is directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

It is so Ordered.

Signed this 10th day of February, 2011.

Royal Furgeson
Senior United States District Judge